# EXHIBIT 5

| | |
|---|---|
| D.N. FST-CV16-6029906-S | SUPERIOR COURT |
| ELIZABETH TIGANI AND JULIAN TIGANI | J.D. OF STAMFORD |
| v. | AT STAMFORD |
| WESTCHESTER MEDICAL GROUP, P.C., SARA B. ELIAS AND GREENWICH HEALTH CARE SERVICES, INC. | FEBRUARY 12, 2024 |

**DEFENDANTS' DISCLOSURE OF EXPERT WITNESS**

Pursuant to Practice Book § 13-4, the defendants, Sara B. Elias, M.D. and Westchester Medical Group, P.C., hereby disclose the following individual who is expected to offer expert testimony at the time of trial:

**NAME OF EXPERT**

Marshall W. Carpenter, M.D.
50 Narragansett Bay Avenue
Warwick RI 02889

**SUBJECT MATTER ON WHICH THE EXPERT IS EXPECTED TO TESTIFY**

It is anticipated that Dr. Carpenter, who is board certified in obstetrics and gynecology, will testify with respect to the standard of care, causation, and damages.

**SUBSTANCE OF FACTS AND OPINIONS**

Dr. Carpenter will testify that Dr. Elias and Westchester Medical Group (collectively referred to herein as "the defendants") did not depart from the standard of care with respect to their care and treatment of the plaintiff. In doing so, he will refute every allegation of negligence

in the plaintiff's complaint and every opinion of the plaintiff's experts pertaining to the standard of care.[1]

Dr. Carpenter will testify that there are no established rules, regulations or guidelines which establish a maximum length of time for the second stage of labor after which a Cesarean Section is required to be performed. Dr. Carpenter will refute the testimony of Dr. Vasiliki Tatsis that a Cesarean section was required to be performed no later than 9:51 pm on December 6, 2014. He will also testify that it was reasonable to allow the plaintiff to continue pushing after that point. He will also dispute the testimony of Dr. Vasiliki Tatsis that it is irrelevant regarding whether the patient wanted to keep pushing and attempt to deliver the baby vaginally throughout the second stage of labor.

He will also testify that the fetal monitoring strips were sufficient to allow the patient to keep pushing until the time a decision was made to perform a Cesarean section. He will testify that the monitoring strips show good variability until about 2:24 a.m.

Dr. Carpenter will also testify that the defendants complied with the standard of care as it pertains to the performance of a Cesarean section in this case.

Dr. Carpenter will also testify that any increased chance of a uterine rupture related to pregnancy and childbirth would not occur before labor. He will testify that, as such, the plaintiff was capable of both conceiving and delivering a baby safely by way of a Cesarean section as long as her pregnancy was carefully planned and monitored. He will further testify that there is no significant risk of the plaintiff going into early labor.

Finally, Dr. Carpenter will testify that even if the plaintiff had delivered by Cesarean section prior to 9:51 pm, in all likelihood the patient would have sustained the injuries she

---

11

sustained and, conversely, that it cannot be said that the plaintiff would not have sustained the injuries she sustained had she delivered by way of Cesarean section prior to 9:51 pm.

**SUMMARY OF GROUNDS FOR OPINIONS**

Dr. Carpenter's testimony will be based upon his knowledge, experience, and training in his field of expertise, and his review of the applicable records, pleadings, and deposition testimony.

The defendants reserve the right to supplement this disclosure based upon further, different, or new information or materials.

DEFENDANTS
SARA B. ELIAS, M.D. AND
WESTCHESTER MEDICAL GROUP, PC

By:_______________________
John F. Costa, Esq.
Ryan Ryan Deluca LLP
1000 Lafayette Boulevard
Bridgeport CT, 0664
Phone: (203) 549-6650

**CERTIFICATE OF SERVICE**

I hereby certify that on February 12, 2024, a copy of the above was e-mailed to the following counsel and pro se parties of record:

David S. Golub, Esq.
Silver Golub & Teitell, L.L.P.
184 Atlantic Street
Stamford, CT 06901
*Attorney for Plaintiffs, Elizabeth Tigani and Julian Tigani*

John F. Costa, Esq.