# EXHIBIT 6

We also note that there's a avulsion of the posterior wall of the bladder. There are two separate injuries both due to blunt force exerted, in my interpretation, by the operator's hand rather than pushing -- rather than grasping the fetal head through the uterine wound. At least on some occasions, force was applied to the lower uterine wall and to the bladder causing injury to both those parts of the mother's anatomy.

**BY MR. GOLUB:**

**Q. All right. So what you're testifying, Doctor, is that the baby's head was not delivered through the uterine incision; it was delivered through an avulsion created between the wall of the va -- vagina and uterus; isn't that right?**

A. No. The baby's head was for -- in great probability, delivered through the larger, uterine incision made as part of the cesarean section. The other injuries resulting in a window through the lower part of the uterus and a window into the bladder were not the site of delivery of the baby's head.

**Q. Why did the -- if -- if that wasn't the site of the baby's delivery of the head, why did the operator's hand tear into the wall between the**

**vagina and the uterus?**

A. Because the operator did not understand where her hand was. She thought her hand was inside the uterus approximate to the baby's head. Her hand was actually in the space below the uterine incision such that she perforated the lower wall of the uterus.

**Q. Okay. So that the operator's hand mistakenly perforated the wall between the uterus and the vagina and then struck the back of the bladder, injuring the back of the bladder, too, correct?**

A. Correct.

**MR. COSTA:** Objection to form.

**BY MR. GOLUB:**

**Q. So the operator didn't understand where her hand was when she was deliver -- attempting to deliver the fetus' head, correct --**

A. She thought --

**Q. -- that's your -- that's your explanation?**

A. I'm extremely confident that she thought her hand was inside the uterus. I'm also quite confident that it was outside the uterus.

**Q. Okay. Now that's not proper -- that's not the proper way to perform a cesarean section, is it?**

**Mistakenly --**

**MR. COSTA:** Objection to --

**BY MR. GOLUB:**

**Q. -- mistakenly putting your -- puncturing the wall between the uterus and the vagina with your hand that -- when you mistakenly believe it's going in the uterine incision?**

**MR. COSTA:** Objection to form.

**Q. I'll rephrase the question. I'll rephrase the question. Isn't it true that the proper standard of care for Dr. Elias in December 2014 required her to understand where her hand was located when she was performing the -- the cesarean section?**

**MR. COSTA:** Objection.

**THE DEPONENT:** I don't view this as a standard of care issue, that is any surgical procedure bears with it a risk to varying degrees of unanticipated complications including injuries due to the surgical intervention. This is no different. Clearly, the physician is intending to put her hand inside the uterus. If she intended to deliver the baby through an -- an avulsion injury in the lower part that she intentionally created, then that would be a abject dereliction of duty but she did not.

**BY MR. GOLUB:**

**Q. So it's your testimony that it's consistent with the -- you -- it's your testimony that it's consistent with the standard of care for the surgeon to mistakenly puncture the wall between the vagin -- the vagina and the uterus thinking that she -- her hand was in fact in the uterine incision?**

**MR. COSTA:** Objection to form.

**MR. GOLUB:** That's -- that's your testimony?

**THE DEPONENT:** No, --

**MR. COSTA:** Objection to form.

**THE DEPONENT:** -- my testimony -- I -- I think I was quite clear. I don't think this has anything to do with standard of care. I think this is an injury that occurred during a surgical intervention in a difficult case. I don't think that one is "within the standard of care" to create unanticipated injury. Nor do I think that the patient is outside the standard of care having done so. I think the use of the term standard of care is inappropriate in this circumstance.

**BY MR. GOLUB:**

**Q. You think that there's no requirement of the standard of care to know where you're putting**

**your hand where -- for the op -- withdrawn. When you say operator, you're talking about Dr. Elias, correct?**

A. Yes.

**Q. Okay. Is it your testimony that there was no requirement of the standard of care for Dr. Elias to know whether or not her hand was in the uterine incision but was puncturing a hole between the vaginal -- vaginal wall and uterine wall? Is that your testimony?**

**MR. COSTA:** Objection. You can answer.

**THE DEPONENT:** I've already answered the question. This has nothing to do with standard of care. It's an -- an injury that occurred -- obvious -- inadvertently during a surgical procedure. Obviously, the surgeon is required to know where the bladder is, what the uterine incision is capable of in terms of delivering a baby, how to elevate the baby's head. She's required to know how to do that. This is an error, but it has nothing to do with standard of care.

**BY MR. GOLUB:**

**Q. So it's an error to puncture -- it's an error -- you agree that it's an error. When you say error, it's a surgical error, correct?**

A. Correct.
**MR. COSTA:** Objection to form.
**BY MR. GOLUB:**
**Q. Okay. It's a surgical error for Dr. Elias to have punctured the wall between the uterus and the vagina but you're saying that surgical error is not a violation of the standard of care for -- for -- for -- for physicians performing cesarean section in December '14?**
A. It would be --
**Q. That's your testimony?**
A. It would be a violation of standard of care if it was intentional. In this circumstance, we had a very difficult delivery of the baby's head through the upper pelvis, and this injury was a result of efforts made to safely deliver the baby from its position.
**Q. Have you ever created this kind of injury, Doctor, during a -- a cesarean section that you performed?**
A. I've incised the bladder before in complicated cases where there were adhesions on purpose, but I've not experienced an avulsion of the lower part of the uterus or the bladder. I've -- I've operated where we had inadvertent extensions of